UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEGGY HORNAK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-3902 |
| | § | |
| ENTERPRISE PRODUCTS COMPANY, | § | |
| INC.; aka EPCO, INC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

Pending before the Court is the defendant's, Enterprise Products Company, Inc. ("EPCO"), motion for summary judgment (Docket Entry No. 10).  The plaintiff, Peggy Hornak ("Hornak"), submitted a response to EPCO's motion for summary judgment (Docket Entry No. 11), and EPCO filed a reply to Hornak's response and a motion to strike Hornak's summary judgment evidence (Docket Entry Nos. 12 and 13, respectively).  Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby **DENIES** EPCO's motion for summary judgment.

### II.  Factual Background

Hornak was employed by EPCO from October of 1993 to March of 2008.  Early in 2008, Hornak took a medical leave of absence from her employment pursuant to the Family and Medical Leave Act (the "FMLA").  Later that year, Hornak returned to her job with EPCO, but approximately six weeks later, her employment ended.  As discussed below, Hornak states that she was terminated for exercising her rights under the FMLA and has filed suit against EPCO pursuant to that statute.

As of 2007, Hornak was a lead accountant with EPCO, and in July of that year, she received a discretionary retention bonus from the company.  Towards the end of 2007, Hornak began to suffer from high levels of stress resulting from her job.  At this time, she expressed this problem to her bosses (Ron Sherer and Nancy Soza) and EPCO's human resources personnel (Karen Moss and Esmerelda Galvan).  Subsequently, on January 3, 2008, Hornak gave EPCO notice that she would be taking a doctor-mandated leave from work pursuant to the FMLA.  To this end, Hornak's doctor issued a letter stating that she was "suffering from disabling headaches and neck pain" and would need to be reevaluated after a four week leave of absence.

Immediately after her leave began, Hornak and EPCO discussed whether she could work in any capacity during her time off.  With her doctor's permission, Hornak did engage in work-related activities during this period, including working up to fours hour on some days.  Her endeavors during this period included giving assistance to Cassie Parker, who was attending to Hornak's assignments while she was gone.

As of January 3, 2008, EPCO employees were instructed to maintain a diary of their interactions with Hornak.  Shortly thereafter, Sherer sent an email to EPCO employees stating that Hornak would be out indefinitely for health reasons.

On February 4, 2008, Hornak returned from her FMLA leave.  She asserts that, within two days of her return, EPCO employees began to treat her in a disrespectful and unprofessional manner, including telling her that her attitude needed to improve or she would be fired.  In contrast, Parker states that Hornak treated her in a hostile manner, spoke poorly of their supervisors, and discussed potentially taping conversations at the office.  Further, other EPCO employees maintain that Hornak was rude or disrespectful to them after her FMLA leave.

On March 12, 2008, Hornak was given the opportunity to resign from her employment with EPCO.  She accepted this option, believing that if she did not, she would be fired.

### III.    Contentions

#### A.    The Defendant's Contentions

EPCO argues that summary judgment dismissing all of Hornak's claims is appropriate because she has proffered no evidence of FMLA retaliation.  Furthermore, it states that the evidence currently before the Court conclusively establishes that retaliation was not the motivating factor behind any adverse employment action against Hornak.  In support of this contention, EPCO maintains that it has proffered legitimate, non-retaliatory reasons for Hornak's termination.  Lastly, EPCO states that portions of Hornak's affidavit must be struck because it contradicts her earlier deposition and contains information that she does not have personal knowledge of.

#### B.    The Plaintiff's Contentions

Hornak argues that summary judgment on her FMLA claim is inappropriate because genuine issues of material fact exist on all elements of this cause of action.  Specifically, she maintains that fact questions are present with regard to the events leading to the end of Hornak's employment with EPCO.  Premised upon these (alleged) fact questions and the temporal proximity between Hornak's FMLA leave and the end of her employment, Hornak argues that summary judgment is improper.[1]

### IV.    Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

---

[1] Hornak does not respond to any of EPCO's allegations regarding her Texas Labor Code claims.  On this issue, she has expressed to the Court "that she is not pursuing her claims under the Texas Labor Code."  As such, the Court will not address any arguments pertaining to these claims beyond this footnote.

to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).   "The [movant] bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact."  *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex v. Catrett*, 477 U.S. 317, 322–25 (1986)).   Once the movant carries this initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.  *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).   The nonmovant must go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).   The nonmovant may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts.  Fed. R. Civ. P. 56(e).   "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists."  *Lynch*, 140 F.3d at 625.   "A dispute regarding a material fact is 'genuine' if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party."  *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).   Thus, "[t]he appropriate inquiry is 'whether the evidence represents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson*, 477 U.S. at 251–52).

**V.       Analysis & Discussion**

With regard to EPCO's assertion that Hornak's FMLA claim should be summarily

dismissed, the Fifth Circuit has stated:

> In order to establish a prima facie case of retaliation under the FMLA, the
> employee must show the following: 1) he was protected under the FMLA; 2) he
> suffered an adverse employment action; and 3) he was treated less favorably than
> an employee who had not requested leave under the FMLA or the adverse
> decision was made because he sought protection under the FMLA. *Hunt v.*
> *Rapides Healthcare Sys.*, 277 F.3d 757, 768 (5th Cir. 2001). Once the
> complaining party establishes a prima facie case of deprivation of a substantive
> right to reinstatement under the FMLA, the burden shifts to the defendant to prove
> that the plaintiff would have been terminated during the FMLA leave period and
> is therefore not entitled to restoration of his position. 29 C.F.R. § 825.216(a)
> (2006). Thereafter, the burden shifts back to the plaintiff to show by a
> preponderance of the evidence that the reasoning presented by the defendant is a
> pretext for retaliation. *Hunt*, 277 F.3d at 768.

*Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 583 (5th Cir. 2006).  For

present purposes, neither party disputes that Hornak was protected by the FMLA and that she

suffered an adverse employment action.  Accordingly, to survive the instant motion for summary

judgment, Hornak must establish a genuine issue of material fact regarding whether she was

fired because she took medical leave under the FMLA.

On this issue, EPCO states that summary judgment is appropriate because:  (a) Hornak

has proffered no evidence in support of her allegation that EPCO fired her for taking leave under

the FMLA; and (b) the evidence conclusively establishes that Hornak's protected FMLA activity

was not the motivating factor behind her termination.  With regard to its second assertion, EPCO

specifically states that the evidence establishes that Hornak's employment ended because her

bosses "believed that she returned from leave with a sullen and surly disposition and . . . she had

become increasingly uncooperative and disengaged in the days and weeks following her leave."

In response, Hornak asserts that she has proffered sufficient evidence to establish genuine issues of material fact on every element of the instant FMLA claim.  Specifically, she argues (and provides evidence of) the following:

1. "Defendant never disciplined Peggy prior to firing . . . ."  In fact, shortly before Hornak took her FMLA leave, she was given a discretionary retention bonus.

2. "Immediately after Peggy Hornak presented Defendant with a physician's note stating that she would be unable to work for four weeks, Ron Sherer began keeping a log regarding Peggy, entitled 'Peggy's Documentation.'"

3. EPCO vacillated on whether (and to what degree) Hornak should engage in work during her FMLA leave and when (and in what capacity) she should return to work.

4. After her FMLA leave, Hornak resumed employment with EPCO on February 4, 2008 and was terminated on March 12, 2008.

Premised upon the above, Hornak maintains that:

> The retaliatory discharge just weeks after Hornak returned from protected leave is too close for comfort for this Court to grant summary judgment. Courts frequently look at the temporal proximity between the adverse action and the notice for circumstantial evidence of retaliatory motive. *Burfield v. Brown, Moore & Flint*, 51 F.3d 583, 590 (5th Cir. 1995). In the instant case, couple that temporal proximity with illegitimate, unsupported and undocumented reasons for terminating Hornak just weeks after returning from protected at the very least, a material issue of fact exists for a jury to consider.

Pertinent to this argument, the Fifth Circuit has stated that "[w]hen evaluating whether [an] adverse employment action was causally related to the FMLA protection, the court shall consider the 'temporal proximity' between the FMLA leave, and the termination."  *Mauder v. Metro. Transit Auth. of  Harris Cnty., Tex.*, 446 F.3d 574, 583 (5th Cir. 2006) (citation omitted). Further, "'a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes,' which is sufficient 'to satisfy the . . . prima facie

case.'" *Villalon v. Del Mar Coll. Dist.*, No. C-09-252, 2010 WL 3221789, at \*6 (S.D. Tex. Aug. 13, 2010) (quoting *Evans v. City of Hous.*, 246 F.3d 344, 354 (5th Cir. 2001)).   However, temporal proximity between termination from employment and FMLA leave is not, *per se*, sufficient to evidence a causal relationship.   *See Stroud v. BMC Software, Inc.*, No. 07-20779, 2008 WL 2325639, at \*7 (5th Cir. June 6, 2008); *Garza v. Mary Kay, Inc.*, No. 3:09-CV-0255-B, 2010 WL 3260175, at \*4 (N.D. Tex. Aug. 17, 2010); *Franco v. R & K Specialized Homes, Inc.*, No. SA-09-CV-452-XR, 2010 WL 2278326, at \*7 (W.D. Tex. June 4, 2010) ("The Fifth Circuit has rejected the notion that temporal proximity standing alone can be sufficient proof of 'but for' causation.").   Accordingly, the Court must determine whether the temporal proximity between Hornak's FMLA leave and her termination, in conjunction with all other evidence, establishes a genuine issue of material fact regarding whether Hornak's FMLA leave caused her termination from EPCO.   As discussed below, the Court finds that a fact question is present on this issue.

Initially, the Court recognizes that the temporal proximity between Hornak's FMLA leave and her termination (approximately six weeks) is within the time frame that, pursuant to Fifth Circuit precedent, may evidence a causal relationship between her leave and her firing. However, as noted above, further evidence must be presented for Hornak to establish a genuine issue of material fact on this topic.   As discussed above, Hornak has asserted (and evidenced) that:  (1) she had never previously been disciplined by EPCO; (2) EPCO's illegitimate motives are evidenced by its keeping of a diary of Hornak's correspondence with the company; and (3) EPCO vacillated on whether, and in what capacity, Hornak should work during her FMLA leave. The Court determines that any of these occurrences, standing alone, might not support a finding of inappropriate termination.   However, taken as a whole, Hornak has brought forth sufficient

evidence to allow a reasonable jury to find that she was improperly terminated.  Accordingly, summary judgment is inappropriate.

**VI.     Conclusion**

Based on the above, the Court hereby **DENIES** EPCO's motion for summary judgment.

It is so **ORDERED.**[2]

SIGNED at Houston, Texas this 2nd day of September, 2010.

_____
Kenneth M. Hoyt
United States District Judge

---

[2] Any requested relief not expressly granted herein in hereby denied.